**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4105**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORY SEAN HEARD, a/k/a Skrilla,

Defendant - Appellant.

_____

**No. 25-4106**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORY SEAN HEARD,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00178-M-1; 5:23-cr-00388-M-KS-1)

_____

Submitted:  May 28, 2026                                          Decided:  June 1, 2026

_____

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:** John G. Baker, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant. Lucy Partain Brown, Assistant United States Attorney, Sarah Elizabeth Nokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Sean Heard pleaded guilty, pursuant to two plea agreements, to wire fraud, in violation of 18 U.S.C. § 1343; conspiracy to distribute and possess with intent to distribute heroin and other controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). The district court sentenced Heard within the advisory Sentencing Guidelines range to a total of 152 months' imprisonment and five years' supervised release. Heard's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether counsel in the district court proceedings was ineffective for advising Heard to accept one plea agreement, in which Heard stipulated to a two-level Guidelines enhancement for maintaining premises for drug trafficking. The Government has moved to dismiss the appeals with respect to all issues falling within the appeal waivers in Heard's plea agreements. We affirm in part and dismiss in part.

Heard's waivers of appellate rights do not prevent our review of the validity of the guilty pleas themselves. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Because Heard did not challenge the validity of his pleas in the district court, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing

3

by pleading guilty, the nature of the charges to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted two thorough and complete Rule 11 hearings. We therefore conclude that Heard entered his pleas knowingly and voluntarily and that a factual basis supported the pleas.

With respect to Heard's waivers of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record confirms that, with limited exceptions, Heard knowingly and intelligently waived his right to appeal his convictions and sentence. We therefore conclude that the waivers are valid and enforceable and that any sentencing issues fall squarely within the scope of the waivers.

4

Heard's ineffective assistance of counsel claim, however, is not barred by the appeal waivers. "But claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance." United States v. Perry, 92 F.4th 500, 517 (4th Cir. 2024) (citation modified); *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (providing standard). Otherwise, an "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted). Applying these standards, our review of the record leads us to conclude that ineffective assistance does not conclusively appear on the face of the present record. Thus, Heard's claim is not cognizable in this direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss and dismiss the appeal of all issues within the scope of the appellate waivers and affirm the remainder of the amended criminal judgment. This court requires that counsel inform Heard, in writing, of the right to petition the Supreme Court of the United States for further review. If Heard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Heard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*